J-S44041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN W. KEARNS | : | |
| | : | |
| Appellant | : | No. 540 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 17, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004662-2021

BEFORE:  OLSON, J., NICHOLS, J., and COLINS, J.[*]

CONCURRING/DISSENTING MEMORANDUM BY COLINS, J.:

**FILED DECEMBER 30, 2024**

I fully join in the majority's conclusion that the evidence was sufficient to support Appellant's conviction for endangering the welfare of a child, its rejection of Appellant's evidentiary issues concerning the denial of his motion to suppress and the admission of a clear plastic baggie and a brief portion of a prison phone call, and its conclusion that the trial court erred in admitting Appellant's hospital records in evidence.  Because I disagree with the learned majority's conclusion that the erroneous admission of Appellant's hospital

_____

[*] Retired Senior Judge assigned to the Superior Court.

records was harmless, however, I dissent from the majority's affirmance of Appellant's judgment of sentence.[1]

At trial, the Commonwealth was permitted to introduce in evidence and read to the jury the following portions of Appellant's hospital records:

Q. And what was the primary diagnosis?

A. The primary diagnosis is poisoning by unspecified narcotics, accidental.

*　　　　*　　　　*

Q. What was the d[if]ferential diagnosis?

A. Accidental opioid overdose; doubt serious intracranial injury; doubt cranial spinal injury.

N.T. Trial, 10/7/22, at 11. The majority correctly holds that the admission of this evidence was error.[2] Indeed, the Commonwealth does not argue that these statements in the hospital records were admissible. Rather, it contends only that the admission of this evidence is not grounds for reversal because Appellant waived his objection to the admission of these statements and because their admission was harmless error.

_____

[1] Because I would remand for a new trial, I would not reach Appellant's sentencing issue.

[2] The majority holds that the admission of these records was error because it violated Appellant's constitutional rights to confront witnesses. I join in that holding but note that this evidence was also, as Appellant argues, inadmissible hearsay under **Commonwealth v. DiGiacomo**, 345 A.2d 605, 608 (Pa. 1975), because it was medical opinion. **See also Folger v. Dugan**, 876 A.2d 1049, 1055 (Pa. Super. 2005) (*en banc*); **Commonwealth v. Hemingway**, 534 A.2d 1104, 1107-08 (Pa. Super. 1987).

Contrary to the Commonwealth's assertions, Appellant specifically and strenuously objected to the admission of statements concerning diagnosis on the grounds that they were inadmissible hearsay.  N.T. Trial, 10/6/22, at 121-23.  The Commonwealth in response argued that these portions of the hospital records were admissible.  *Id.* at 123.  The trial court, after considering the parties' arguments, overruled Appellant's objection and ruled that the Commonwealth "has an absolute right to introduce" the portions of the hospital records that it sought to introduce.  N.T. Trial, 10/7/22, at 6.

While the trial court suggested that the parties agree to the portions of the records that could be read to the jury to prevent other information in the hospital records that it had not ruled admissible from being given to the jury, and Appellant agreed with the Commonwealth concerning the portions that could be read to the jury, that occurred only after the trial court had ruled that diagnosis portions of the hospital records were admissible.  N.T. Trial, 10/7/22, at 6-8.  Acquiescence in a trial court's adverse evidentiary ruling after it has clearly rejected a properly raised objection does not constitute waiver.  Pa.R.E. 103(b) ("Once the court rules definitively on the record - either before or at trial - a party need not renew an objection … to preserve a claim of error for appeal"); ***Commonwealth v. Stevenson***, 318 A.3d 1264, 1278, 1282-83 (Pa. 2024) (introducing evidence of prior conviction on direct examination of defendant does not waive objection to admissibility of conviction where defendant had objected to admissibility of the conviction and

introduced it on direct examination only after trial court had ruled the conviction admissible).

The majority agrees with the Commonwealth that reversal is not required because the admission of the hospital records was harmless error. I cannot agree that the standard for harmless error is satisfied here. While the Commonwealth is correct that there was other "ample and sufficient evidence for the jury to conclude that [Appellant] had overdosed on heroin," Appellee's Brief at 19, that is not the test that we apply in determining whether we may affirm on harmless error grounds. Rather, we may affirm a conviction despite the erroneous admission of evidence only if we are convinced beyond a reasonable doubt that the admission of the evidence was harmless. *Commonwealth v. Bieber*, 283 A.3d 866, 881 (Pa. Super. 2022); *Commonwealth v. Williams*, 274 A.3d 722, 734 (Pa. Super. 2022). An error can be harmless only if the erroneously admitted evidence could not have contributed to the verdict. *Commonwealth v. Fitzpatrick*, 255 A.3d 452, 483 (Pa. 2021); *Bieber*, 283 A.3d at 881.

I agree with the learned majority that the testimony and recordings that it discusses in its harmless error analysis, Majority Memorandum at 21-26, in combination are substantial and strong evidence that Appellant's

unconsciousness was caused by his ingestion of drugs.[3]  That evidence, however, was not so conclusive that the drug overdose diagnoses in the hospital records could not have contributed to the jury's verdict.  While the police and emergency medical technician testified that Appellant said that he snorted heroin, N.T. Trial, 10/6/22, at 80-81, 105, no medical test results showing heroin, other drugs, or drug metabolites were admitted in evidence.  Appellant disputed making this statement, testifying that he was unconscious because he was tired and suddenly fell asleep while he was sitting on the floor playing with Child and that the statements concerning overdosing were made by the emergency responders and not by him.  N.T. Trial, 10/7/22, at 28-33.

Nor was any of the other evidence of drug use overwhelming or of the same quality and nature as medical opinion.  Although the prison phone recording contains a statement by Appellant that he overdosed while he was with Child, it is an extraordinarily brief snippet of a conversation devoid of any context showing what Appellant was referencing, and Appellant denied that

_____

[3] The majority memorandum in its discussion of the admissibility issue also states that the hospital records show that Appellant admitted "snorting fentanyl" and refers to a blood draw.  Majority Memorandum at 20.  This evidence, however, was not before the jury.  The record shows that the only evidence from the hospital records that was presented to the jury consisted of the portions of those records that were read to the jury.  N.T. Trial, 10/7/22, at 5-7.  The portions of the hospital records that were read to the jury did not include any admission by Appellant that he consumed drugs or any blood tests.  *Id.* at 10-15.  Since they were not before the jury, we cannot consider these items in our harmless error analysis.

he was saying that he overdosed. Commonwealth Ex. 13; N.T. Trial, 10/7/22, at 33. The baggie found near Appellant was never tested for heroin or other drugs, and there was no evidence that any drugs or any other drug paraphernalia were present. N.T. Trial, 10/6/22, at 90-92. While the police officer and emergency medical technician testified that Appellant's condition and behavior were consistent with an overdose, *id.* at 79-80, 105, 111-12, I cannot say that a jury would necessarily view that testimony as equivalent to a medical diagnosis of overdose.

In any event, even if the other evidence of drug overdose could, in the abstract, be considered sufficiently overwhelming to permit a harmless error finding, it cannot be concluded here that the medical diagnosis evidence could not have contributed to the jury's verdict because the record shows that it was specifically called to the jury's attention and that the jury viewed this evidence as important. The Commonwealth argued to the jury in its closing that the hospital records showed that the "primary diagnosis was an overdose." N.T. Trial, 10/7/22, at 47. Where the Commonwealth emphasizes erroneously admitted evidence to the jury, that fact weighs against finding the admission of the evidence harmless. *Bieber*, 283 A.3d at 884-85 (rejecting harmless error claim where Commonwealth argued the inadmissible evidence to the jury in its closing). Most importantly, the jury during its deliberations sent the following question requesting the information from the hospital records: "What was on the medical report? Can we see a copy?" N.T.

Trial, 10/7/22, at 70, 72-74.  In response to this question, the portions of the hospital records that had been read to the jury, including the diagnoses, were reread to the jury.  *Id.* at 81-89.

Because the trial court erred in admitting Appellant's hospital records and this error was not harmless beyond a reasonable doubt, I would reverse Appellant's conviction, vacate his judgment of sentence, and remand this case to the trial court for a new trial.